UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re: Michael B. White and
Darla Kay White,

        Debtors/
        Appellants,

v.

COLLENE K. CORCORAN, United States Trustee,

        Appellees.
_____/

Case No. 18-cv-12666
Honorable Thomas L. Ludington

## ORDER DENYING MOTION FOR RECONSIDERATION

On August 27, 2018, Appellant (proceeding pro se), filed two appeals from the United States Bankruptcy Court (case nos. 18-12666 and 18-12667). A scheduling order was entered on September 26 setting Appellant's briefing deadline for November 7. On November 6, Appellant moved for an extension of time to file his brief because he has a "heavy schedule, including the need to get several outdoor projects completed before winter weather."

The Court denied the motion pursuant to Federal Rule of Civil Procedure 6(b) finding that Appellant had not furnished good cause. On November 14, 2018, Appellant moved for reconsideration. ECF No. 8.

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear,

unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

Appellant explains that he suffered unforeseen circumstances such as his cars not starting and his computer being infected with a virus. Because these circumstances were not explained in his initial motion, the Court's failure to consider them was not a palpable defect.

Appellant also notes that dismissal for failure to prosecute under rule 41(b) is a harsh sanction which the court should only order in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff. Mot. at 4 (citing *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1990). This is now the third and fourth appeal Appellant has filed arising out of his Bankruptcy proceedings in the past 18 months. Appellant is quite familiar with the process, and with his own obligations. Appellant waited until the eve of his deadline to seek an extension. His motion offered no explanation other than a "heavy schedule, including the need to get several outdoor projects completed before winter weather." This is sufficiently contumacious conduct to warrant dismissal, in that it demonstrates a disregard for court deadlines.

Accordingly, it is **ORDERED** that the motion for reconsideration, ECF No. 8, is **DENIED**.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: December 17, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 17, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager